## CHAET v. GOLDBERG.

(Supreme Court, Appellate Term. May 15, 1908.)

1. MASTER AND SERVANT—WRONGFUL DISCHARGE—ACTIONS—BURDEN OF PROOF.

In an action to recover damages for wrongfully discharging plaintiff in violation of a contract of employment, the burden is on plaintiff to establish the making of the contract by defendant and that he had wrongfully discharged plaintiff.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 47.]

2. NEW TRIAL—GROUNDS—NEWLY DISCOVERED EVIDENCE—IMPEACHMENT.

In an action to recover damages for breach of a contract of employment for a specified time, where plaintiff testified that he had other employment during the contract period after he was discharged, the compensation received for such work being set off against the damages, but further testified that he had no other employment than as stated, new evidence, discovered after a verdict for plaintiff, which tended to show that plaintiff had been employed otherwise than as testified by him, the nonproduction of the newly discovered evidence at the first trial being satisfactorily explained, was a ground for a new trial, as, if true, it would tend to reduce the amount of plaintiff's recovery, and would also tend to affect his credibility.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, §§ 221–223.]

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Morris Chaet against Harry Goldberg. From an order granting a new trial on the ground of newly discovered evidence after a verdict for plaintiff, plaintiff appeals. Order affirmed.

The following is the opinion of Sturges, J., in the court below:

This action was brought to recover damages for breach of a contract of employment for a specified time; plaintiff claiming that he had been discharged before the expiration of the period for which he had been hired. The burden was upon the plaintiff to establish the making of the contract by the defendant, and that he, the plaintiff, had been wrongfully discharged; and he relied mainly upon his own testimony to sustain this burden. Plaintiff testified to having obtained other employment during the period in question, for which he had received compensation, the amount of which was applied in reduction of his damages arising from the breach of the contract, and further testified that he had no other employment than as stated by him. The newly discovered evidence, if true, shows that plaintiff had been employed by another party during the period covered by the contract, and had received compensation from such party for his services. The effect of this evidence will be to reduce the amount of plaintiff's recovery, should he otherwise prevail upon a new trial. The issues as to plaintiff's employment by the defendant and his wrongful discharge were closely contested, and the newly discovered evidence, if true, would tend to affect plaintiff's credibility.

Plaintiff makes no denial of the allegations of the moving affidavits. The nonproduction of the affidavit of the party by whom the newly discovered evidence is to be established is accounted for, and the allegation in the moving affidavit with respect to the entries in the books of the alleged employer of the plaintiff, which show the amounts paid to him by such employer, presents a case in which, in the interests of justice, a new trial should be granted.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Samuel Silinsky, for appellant.
Monfried & Feinberg, for respondent.

PER CURIAM. For the reasons stated in the opinion of the trial
justice, handed down by him at the time he decided the motion, the or-
der appealed from should be affirmed, with $10 costs and disburse-
ments.

---

BOROWSKY et al. v. GALLIN.

(Supreme Court, Appellate Division, Second Department. May 8, 1908.)

TRIAL—TRIAL BY COURT—SENDING ISSUES TO JURY.
> Under Code Civ. Proc. § 971, providing that, where a party is not en-
> titled, as of right, to a jury trial, the court may in its discretion direct
> questions of fact to be tried by a jury, the refusal of application to
> have the issues of fact sent to a jury is not error, though based to some
> extent on the condition of the jury calendar.
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 881.]
> Hooker and Woodward, JJ., dissenting.

Appeal from Kings County Court.
Action by Molly Borowsky and others against Pauline Gallin to fore-
close a mortgage on real estate. From an order denying a motion to
have the issues of fact sent to a jury for trial, defendant appeals. Af-.
firmed.
Argued before WOODWARD, HOOKER, GAYNOR, RICH, and
MILLER, JJ.
William H. Chorosh, for appellant.
Frank F. Davis, for respondents.

GAYNOR, J. It was in the discretion of the court below whether
it should direct that the issues of fact, or any of them, should be sent
to a jury trial. Code Civ. Proc. § 971. It was influenced to some ex-
tent in denying the motion by the condition of the jury calendar (it
is over two years in arrears) as the memorandum filed with its deci-
sion shows. This was not improper. Indeed, motions like this are
sometimes made hereabouts to avoid the speedy trial afforded by the
equity calendar. A verdict for the defendant would not bind the
court; it has the responsibility of giving judgment in the end, and the
rule is for the court to try such cases without having its conscience en-
lightened or aided by a verdict.
The order should be affirmed.

Order of the County Court of Kings county affirmed, with $10 costs and
disbursements.

RICH and MILLER, JJ., concur

HOOKER, J. (dissenting). The action is for a foreclosure of a
mortgage. The defense is that the mortgage was given without con-
sideration and. was obtained through fraud and under duress. The
defendant made timely application to the court under the provisions