## W. FRANK HANAFORD *vs.* STEVENS & CO.

### JULY 6, 1916.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)  Contract of Service.  Personal Taste.*

Where a contract for services as a traveling salesman contains the provision that the salesman will perform the duties of his position in a satisfactory manner to the employer, the contract does not involve matters of personal taste or feeling but one where the employer undertook to act upon just and reasonable grounds and hence the adequacy of such grounds must be open to judicial investigation and determination.

*(2)  Contract of Service.  Reasonable Ground for Discharge.*

Upon the issue whether an employer acted upon just and reasonable grounds in the discharge of the servant, where the employer asked for a special finding as to one ground of dissatisfaction, he does not thereby waive every other reason for dissatisfaction which might otherwise have been relied upon but is entitled to have the issue in the case submitted to the determination of the jury.

*(3)  Contract of Service.  Dismissal.  Condonation.*

The retention of a salesman who had contracted to perform the duties of his position in a satisfactory manner to the employer in his employ after the employer had become dissatisfied for reasonable cause with the salesman's services, would not constitute condonation so as to prevent the employer from availing himself of such dissatisfaction as a ground for discharge at a later date, and no new cause of dissatisfaction need arise to give the employer the right to terminate the contract.

*(4)  Contracts.  Evidence.  Hearsay.*

In an action by a salesman against his employer to recover salary, upon the issue whether defendant had reasonable cause to discharge plaintiff, letters offered by defendant from customers commenting unfavorably upon the conduct and bearing of plaintiff while in the employ of defendant, written after the discharge of plaintiff are inadmissible as hearsay.

ASSUMPSIT.  Heard on exceptions of defendant and overruled.

VINCENT, J.  This is an action of assumpsit brought to recover a balance of salary alleged to be due the plaintiff under a written contract entered into between him and the defendant on October 1, 1907.

Stevens & Company, the defendant, was a corporation engaged in manufacturing and selling optical goods.  Fred-

erick A. Stevens was the president and general manager, with power to hire and discharge its traveling salesmen. Some time prior to October 1, 1907, the plaintiff, being a traveling salesman for another concern, called upon Mr. Stevens in the course of business. During the interview Mr. Stevens, being favorably impressed with the plaintiff, told him that if he should desire another position at some future time to call on Stevens & Company. Subsequently the plaintiff applied for a situation with Stevens & Company and after some negotiations the following contract was entered into.

"This Agreement, Made and Entered into this first day of October, A. D. 1907, by and between Stevens & Company, Incorporated, a corporation duly organized under the laws of the State of Rhode Island, and located in the City of Providence, in said State, party of the first part, and Frank Hanaford, of Mansfield, in the Commonwealth of Massachusetts, party of the second part.

"The said party of the second part, in consideration of the compensation to be paid by the party of the first part hereinafter set forth, hereby agrees to devote his entire services to the party of the first part, for and during the period of three (3) years and three (3) months, beginning on the first day of October, 1907, and ending on the 31st day of December, 1910, and to assume the position of traveling salesman for the sale of optical goods manufactured by the party of the first part, or of such other goods, wares and merchandise as the party of the first part may hereafter undertake.

"And the said party of the first part, in consideration of the faithful performance of said service by said party of the second part, hereby agrees to pay said party of the second part the sum of fifteen ($15.00) dollars per week, from the first day of October, 1907, to the first day of January, 1908, and the yearly salary of eighteen hundred ($1,800.00) dollars for the year beginning January 1, 1908, the yearly salary of twenty-four hundred ($2,400.00) dollars for the year beginning January 1, 1909, and the yearly salary of three

thousand ($3,000.00) dollars for the year beginning January 1, 1910; the same to be paid in semi-monthly instalments; all necessary traveling expenses are also to be paid by said party of the first part.

"And the said party of the second part agrees to serve in the position, designated or assigned as the party of the first part may elect, and perform in every particular all the various duties of his position in a faithful, efficient and satisfactory manner to the party of the first part; and further that he will keep the secrets of the said party of the first part relating in any way to said trade and business; and will not at any time during said term wilfully neglect or depart from his services or employment, or do or cause or wilfully suffer to be done any act or thing whatsoever to the injury of the party of the first part.

"In Witness Whereof, the above parties, the party of the first part by its Treasurer hereunto duly authorized, have hereunto set their hands in duplicate the day and year first above written.

                                        Stevens & Co., Inc.
Signed in presence of                   by F. A. Stevens, Treasurer.
                                        W. Frank Hanaford."

Upon the execution of this contract the plaintiff entered upon the discharge of his duties as a traveling salesman for the defendant, and continued in that employment to October 15, 1909, when he was discharged by Mr. Stevens on the ground that his services were not satisfactory.

After the termination of the period provided for in the contract the plaintiff brought his suit to recover the balance of salary due thereunder covering the time from the date of his discharge October 15, 1909, to December 31, 1910, when the contract would, by its terms, have ended, he not having been able to obtain other employment except to a limited extent.

Upon a trial of the case in the Superior Court the jury returned a verdict for the plaintiff and assessed damages in the sum of $3,550. The jury also found specially "that

the defendant company through its treasurer, F. A. Stevens, was not dissatisfied with the plaintiff's conduct in failing to notify it of his whereabouts from the time of leaving Seattle Sept. 2, 1909, until he arrived in Chicago, Sept. 11, 1909."

The defendant's motion for a new trial was denied by the trial court and the case is now before us on the exceptions of the defendant to the refusal of the trial court to grant the defendant a new trial; to the refusal of the trial court to direct a verdict for the defendant; to the admission and rejection of testimony; to the refusal to charge the jury as requested and to certain portions of the charge as given.

The defendant contends that the verdict was against the law because (1), where a contract for services contains a provision that such services shall be performed in a "satisfactory manner" to the employer, such employer, if he acts in good faith, is the sole judge of his own dissatisfaction, and the question of the reasonableness of his judgment or the justice of his dissatisfaction cannot be passed upon by the jury and (2), a contract for personal services as a traveling salesman and representative, such as the plaintiff was to perform under his contract with Stevens & Company, is a contract involving taste, sensibility, feelings, convenience, individual preference, and personal judgment.

The defendant also contends that the verdict is against the law and the evidence because (1), the testimony of Frederick A. Stevens that he was dissatisfied, together with evidence showing the reason for such dissatisfaction, was conclusive, and there was no question to submit to the jury either as to the existence or the reasonableness of such dissatisfaction and (2), the evidence showed that the discharge of the plaintiff was justified because of his incompetence and unfitness.

It is well settled that when the subject of a contract involves personal taste or feeling an agreement that it shall be satisfactory to the buyer necessarily makes him the sole judge whether it answers that condition. *Pennington v. Howland*, 21 R. I. 65, and cases cited. In that case the

plaintiff was employed and undertook to paint a portrait of the defendant's wife which should be satisfactory to the defendant. The court in considering the questions submitted found it necessary, in arriving at a conclusion, to separate cases of this general character into two classes, one class in which the subject of the contract involves personal taste or feeling and the other class where the subject-matter is such that the satisfaction stipulated for applies to quality, workmanship, salability and other like considerations, the court holding that as to the first class the buyer was the sole judge and that in the second class the agreement that it shall be satisfactory must mean that it shall be "reasonably" satisfactory.

With the case of *Pennington* v. *Howland* in view it would seem to be advisable to determine primarily in which of the two classes mentioned the case at bar should be placed.

The cases cited in *Pennington* v. *Howland,* as examples of the first class, when the subject of the contract involves personal taste or feeling, relate to a portrait, to a bust of a deceased husband, to a suit of clothes, and to a bookcase. We do not think that the contract now in question, relating to the services of a traveling salesman, is one involving (1) matters of personal taste or feeling which would place it in that class of cases. It seems to us that the personal element upon which the first class of cases must necessarily rest is lacking in the case at bar. Besides the alleged grounds of dissatisfaction do not relate to matters of personal taste or feeling, but to the manner in which the plaintiff performed his services under the contract.

In all of these cases, to whichever class they may be assigned, its seems to be conceded that the buyer or employer must act in good faith in rejecting the completed work in the one case or in discharging the employee in the other.

Having reached the conclusion that the case at bar must be classified as one where the defendant undertook to act upon just and reasonable grounds it necessarily follows that the adequacy of the grounds must be open to judicial investigation and determination.

(2)

The special finding of the jury was "that the defendant company through its treasurer, F. A. Stevens, was not dissatisfied with the plaintiff's conduct in failing to notify it of his whereabouts from the time of leaving Seattle Sept. 2, 1909, until he arrived in Chicago Sept. 11, 1909." This finding covers but a single item of dissatisfaction and the plaintiff claims that it having originated with the defendant it amounts to a waiver of every other reason for dissatisfaction, which might otherwise have been relied upon and that by preferring this single question to the jury the defendant elected to stand or fall by it. While the plaintiff presents an argument upon this point which is somewhat plausible we cannot concur in the view which he takes. It is seldom that all the issues arising in a case are covered by the special findings which may be requested, and we do not think it would be desirable to establish the rule that a party litigant could not have the benefit of a special finding without shutting himself off from all other issues in the case.

An examination of the briefs and the transcript of testimony shows a number of alleged causes of dissatisfaction on the part of Mr. Stevens, representing the defendant company, with the acts and conduct of the plaintiff in the discharge of his duties under the contract. All of these matters were quite fully gone into at the trial and we must assume that the conclusion reached by the jury extended farther than the single matter involved in the special finding. In other words, the jury must have found that the defendant had no reasonable ground for dissatisfaction in any of the alleged causes. The questions presented to the jury were questions of fact upon which the testimony was conflicting. We do not feel that there is such a preponderance in favor of the defendant as would justify us in setting aside the verdict or enable us to say that the trial court was in error in denying the defendant's motion for a new trial.

The defendant's bill of exceptions embraces twenty-seven assignments of error, but it will not be necessary to embody them all in this opinion.

The twenty-second exception is to the refusal of the trial court to charge the jury, "If the defendant was in good faith dissatisfied, it would have the right under this form of contract when the services rendered were to be to the satis-faction of the defendant, to discharge the plaintiff, even though such dissatisfaction may have been unreasonable."

The twenty-third exception is to the refusal of the trial court to charge the jury, "If you find that the defendant, at the time of discharging the plaintiff, was dissatisfied with the plaintiff's conduct in failing to communicate to it his whereabouts from the time he left Seattle until he arrived in Chicago on the last trip west in July, August and September, 1909, then you will find a verdict for the defendant."

The twenty-fourth exception is to the refusal of the trial court to charge the jury, "The retention of the plaintiff by the defendant in its employ after the defendant had become dissatisfied with the plaintiff's services, would not constitute a condonation so as to prevent the defendant from availing itself of such dissatisfaction as a ground for discharge under this form of contract at a later date, and no new cause of dissatisfaction need arise to give the defendant the right to terminate the contract."

The twenty-fifth exception is to the following portion of the charge of the trial judge to the jury: "Where the contracting parties have in view to satisfy the personal taste, feelings, sensibilities, or judgment, of one of the parties, the stipulation in the contract that the thing to be done must be to his satisfaction is absolute, and his decision that it is not to his satisfaction is final and unquestionable. On the other hand, where the chief thing the parties have in mind is to effect some definite purpose or end, of the performance of which others can judge just as well as the parties can, and which involves no consideration strictly personal, the stipulation that it shall be done to the satisfaction of the party is not controlling.

"In such case, the stipulation that the service to be performed, or the thing to be done, to effect such purpose or end

shall be satisfactory to one of the parties means 'reasonably satisfactory,' that is, as well as it could be expected to be done, and does not justify a merely personal or whimsical rejection of such work. A simple allegation of dissatisfaction with the work, without some good reason assigned for it, does not justify a repudiation or breach of a contract in such case. The motive which induced the defendant to terminate the contract and discharge the plaintiff is immaterial if there was sufficient ground for his discharge, and it was not necessary that the defendant state the reasons for the discharge at the time.

"Now, gentlemen, you will accept that as the law for the purposes of this case, and I will ask you, from the evidence in this case, to determine for yourselves and say what was the purpose to be effected by this contract. What end was in the minds of the parties? First, determine whether or not it is a matter which involves personal taste, or whether it is a matter which involves personal taste, or whether it is a matter in which the services of the plaintiff ought to have been satisfactory to the defendant. A certain situation has arisen among the customers of the defendant company, and some dissatisfaction existed by reason of the fact that a change in the policy had been adopted on the part of the defendant in selling goods directly to the retail dealers rather than to what has been spoken of here as the jobbers or wholesale dealers, and that the plaintiff went out to meet that situation. Now, what was the purpose which the parties had in mind? Was it to conciliate these customers, and was it to increase the business of the defendant? If it was, then no matter of personal taste entered into the case. In determining what the object and purpose of this contract was, you should take into consideration the evidence in the case in connection with the contract.

"As I have already said, if it was for the purpose of obtaining some special result, or attaining a particular end which involved no particular matter of taste, then under that condition of things, the defendant was bound to be satisfied

with the plaintiff's services, if they were reasonably satisfactory, in accordance with the rule I have just laid down. Now, gentlemen, not only that,—I do not intend to single out any portion of the testimony for the purpose of impressing that upon your mind, but you should take into consideration all of the evidence. If there is any portion of the evidence here that bears upon this question, and shows the different purposes to be attained by the parties, and they had in mind no such purpose as seems to be indicated by the testimony here, why, give that testimony all the weight it deserves. In fact, give all the evidence in the case all the weight it deserves; determine for yourselves the special purpose of entering into this contract, and if it falls within the second provision to which I called your attention, laying down the rule, then it would not be a matter of taste, and the defendant would be bound to be satisfied, provided no reasonable cause existed for discharging the plaintiff. If, however, it came within that first paragraph to which I called your attention, that is, involving a matter of personal taste, sensibilities, and judgment, etc., then it was for him to say, and whatever he said was final on the question, and he had the right to discharge the plaintiff, and he would have no cause of action here.   .   .   .

"In regard to the construction of the contract, the court will construe the contract as a matter of law. I have simply left it to the jury to determine what was the purpose or end to be attained by this contract, and that end the jury are to determine not only by the terms of the contract, but by the conduct of the parties themselves. You may take the case, and when you have arrived at a verdict, return to the court room."

The twenty-sixth exception is to the following portion of the charge of the trial judge to the jury: "If the plaintiff entered the defendant's employ under the contract declared on, and continued in such employ to the time of the breach thereof by the defendant, performing the work undertaken by him in accordance with the terms of the contract in a

reasonably satisfactory manner all that time, and while he was still ready and willing to go on, the defendant, without his consent and against his protest, and without reasonable cause, discharged the plaintiff, he is entitled to recover the wages for the unexpired portion of the term, less the amount he has earned, or might have earned by a reasonable effort to obtain other employment in the same line of business."

The twenty-seventh exception is to the following portion of the charge of the trial judge to the jury: "The retention of the plaintiff by the defendant in its employ after the defendant had become dissatisfied (for reasonable cause) with the plaintiff's services, would not constitute a condonation so as to prevent the defendant from availing itself of such dissatisfaction as a ground for discharge under this form of contract at a later date, and no new cause of dissatisfaction need arise to give the defendant the right to terminate the contract."

We will now proceed to take up and consider, so far as may be necessary, the several exceptions of the defendant. The defendant presents no argument in its brief in support of its exceptions numbered 4, 7, 11, 13, 15, 18, 19, 20 and 21, and it must be presumed that they are abandoned.

The defendant's exceptions numbered 1, to the refusal of the court to grant a new trial, 22, 23 and 24, to the refusal of the court to charge, and 25, 26 and 27, to portions of the charge as given, are already sufficiently covered in the earlier part of our opinion discussing the questions of law and fact.

The exception numbered 27 is to the portion of the charge of the trial judge which was as follows: "The retention of the plaintiff by the defendant in its employ after the defendant had become dissatisfied (for reasonable cause) with the plaintiff's services, would not constitute condonation so as to prevent the defendant from availing itself of such dissatisfaction as a ground for discharge under this form of contract at a later date, and no new cause of dissatisfaction

(3) need arise to give the defendant the right to terminate the contract." This portion of the charge was directed to the question of condonation and is so clearly in favor of the defendant that it is difficult to see upon what theory the defendant found it necessary to except thereto.

The defendant's exceptions 2, 3, 6 and 14, in view of what we have already said, do not seem to be of sufficient merit to require particular discussion. The defendant's exceptions numbered 5, 8, 9, 10, 12, 16 and 17, relate to the refusal of the trial court to permit the defendant to introduce in evidence certain letters alleged to have been received by the defendant, from customers, commenting unfavorably upon the conduct and bearing of the plaintiff while he was in the employ of the defendant as a traveling salesman.

Assuming that the principle of law which the defendant urges in support of each of these exceptions is substantially the same and that such principle is correctly stated in 20 Am. & Eng. Encyc. Law, 33, as follows: "It is also equally well settled at the present time that if a good cause of dismissal really existed it is immaterial that at the time of the (4) dismissal the master did not know of its existence, and acted upon some other causes which may have been insufficient," it does not seem to be necessary to enter upon any extended discussion of these exceptions at this time in view of the conclusions which we have already reached. The relations of the parties and the acts and conduct of the plaintiff, in the discharge of his duties under the contract during the entire period that he remained in the defendant's service were quite fully gone into at the trial and from the testimony adduced the jury concluded that there was no reasonable cause of dissatisfaction on the part of the defendant. The letters which the defendant sought to introduce were letters written by some of the defendant's customers after the plaintiff had been discharged. Such testimony would be hearsay in character. It would be introducing unsworn testimony with the attendant possibility that it may have been induced or prompted by the defendant for the purpose of fortifying its

position without giving the plaintiff any opportunity to inquire into the conditions under which such letters were written. The defendant cites 3 Wigmore on Evidence, Section 1789, to the effect that "the hearsay rule interposes no obstacle to the use of letters, notices, oral informations, reputations or any other form of verbal utterance by one person as circumstantial evidence that another person had knowledge or belief as to . . . the incompetence of an employee," and also, in further support of that principle, refers to the case of *Fox* v. *Smith,* 25 R. I. 255. These authorities do not seem to fit the present case in the view which we take of it. Whether or not the defendant was, in good faith, dissatisfied is not the question. The question is did the defendant have reasonable cause to be dissatisfied. We do not think that there was any reversible error on the part of the trial court in refusing the introduction of these letters.

The defendant's exceptions are all overruled and the case is remitted to the Superior Court with direction to enter judgment on the verdict.

*Nathan W. Littlefield,* for plaintiff.

*Harold W. Thatcher, Frank H. Swan, Edwards & Angell,* for defendant.