ROBERT H. SCHAFER *vs.* THURSTON MANUFACTURING CO.

SAME *vs.* SAME.

APRIL 14, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Master and Servant.   Discharge of Servant.   Contracts.*

Where the language used or an act done was admitted and explained by the servant, the question is one of fact for the jury whether under all the circumstances sufficient cause existed to warrant the servant's discharge.

*(2)   Trial.   New Trial.*

Where the record shows that the relations between the court and counsel became so strained that the judicial character of the proceeding was seriously affected, justice demands that the case be again submitted to a jury and a new trial will be granted.

*(3)   Master and Servant.   Contracts.   Trial.   Burden of Proof.*

In an action by an employee to recover under a contract of hiring, plaintiff has the obligation of showing that he performed his contract faithfully and according to his best skill and judgment and defendant under the general issue may show incompetency, inefficiency or mismanagement which will defeat this claim but the burden of proof in the sense of establishing by a preponderance of evidence that he has performed his contract and defendant has broken it rests on plaintiff and does not shift.

*(4)   Trial.   Examination of witness.*

The extent of cross-examination must rest within the sound discretion of the court, and where the court had granted great indulgence to counsel a ruling that defendant must proceed with evidence to establish his defence and that thereafter if such evidence was denied by plaintiff, defendant could have full opportunity to further cross-examine, was not an abuse of discretion.

ASSUMPSIT.   Heard on exceptions of defendant and sustained.

BARROWS, J.   Two cases were tried together.   Plaintiff recovered judgment against defendant for $569.16 for salary alleged to have been earned in one case and for $7,081 in the other for breach of contract of employment.   The cases are before us on defendant's forty exceptions.   They relate (a) to refusal of the trial court to grant defendant's motion for a directed verdict;   (b) to refusal to grant defendant's motion for a new trial;   (c) to alleged erroneous

rulings on evidence; (d) to alleged errors in connection with the charge.

Defendant corporation hired plaintiff as general manager for two years from May 1, 1923, and discharged him December 13, 1923. Suit was brought in October, 1925. The contract required plaintiff faithfully to devote his time, skill and attention exclusively to the employment. Defendant pleaded the general issue. Under it he sought to justify plaintiff's discharge for sundry reasons, such as absence, inefficient management, and language disrespectful to defendant's President, one Redinger. Most of the delinquencies charged against plaintiff were denied. Where (1) language used or an act done was admitted and explained by plaintiff, the question was properly submitted to the jury whether under all the circumstances sufficient cause existed to warrant plaintiff's discharge. This applies to the incident where plaintiff, in a conversation with Freitag, who had been sent to the plant by Redinger to watch plaintiff, said : "If Redinger said that he is a ——— liar." *Dorrance* v. *Hoopes*, 39 Am. & Eng. Ann. Cas. 1012. Such language was quite as susceptible of interpretation as a reflection on Freitag's veracity as upon Redinger's. The setting of this incident clearly takes it out of that class of cases where unprovoked insolence or disrespect on the part of a servant toward his master or the master's representative occurring in connection with the duties of the servant is ground for the discharge of the servant as a matter of law. See note to *Dorrance* v. *Hoopes*, *supra*, at page 1016. No error was made in denying defendant's motion that a verdict be directed in its favor. Exception 30 is overruled.

(2) The motion for a new trial ordinarily would not require discussion after the approval of the verdict by the trial justice as in this case. There was unquestionably evidence to support the verdict. Here, however, is presented a picture of rare occurrence. Defendant asserts that the trial court without provocation went far afield to belittle its counsel and discredit the value of its evidence. The

record at the immediate point where exceptions were taken in several instances discloses what appear in cold type to be unprovoked insults, particularly remarks that counsel was not getting anywhere and was trying the case in the most "foolish" manner the court had even seen and culminating in the remark:   "You take your seat and keep it for a while or your client may need new counsel.   You would better be careful or you will be out making shirts.   It might do you good."   This remark obviously relates to one of the chief industries carried on at the State prison.

Such outbursts are not likely to occur without provocation and a reading of the entire record shows that an extensive line of petty and inconsequential evidence had exhausted the patience of the trial judge during a period of more than a week.   Selected portions of the printed record do not always present an accurate picture of a trial.   If the court seems to address counsel offensively, the cause may be more than the words uttered by counsel.   It may be an offensive or contemptuous manner or bearing in urging or yielding to a ruling of the court.   It may be an angry or insolent tone or sneering facial expression or numerous other actions or movements, none of which appear upon the record but which are intended by the actor and understood by the observer to convey disrespect for the court.   Disrespect from counsel can not be tolerated.   Judges while holding court are entitled to respectful treatment by counsel whatever may be their personal animosities outside of court.   Without this justice can not be administered in a dignified and orderly manner.   All personal feeling should be left outside the court room.   If counsel adopt other than an attitude of respect, it is not surprising at times to find a judge yielding to the temptation to retaliate.   Apart from the personal element, a justifiable cause of irritation to the court sometimes may be the growing conviction that counsel is deliberately engaging in tactics by which he hopes to befog the issue or defeat an honest decision on the merits thereof. One may surmise that the court here had reached such a

conclusion. The trial court must have full and complete control of the proceedings in the court room with a large discretion as to treatment of counsel. *Laporte* v. *Cook*, 22 R. I. 554. We are unable to say that any offensive tactics were here used intentionally by defendant's counsel though plaintiff's counsel assert that angry tones and an insulting manner were at times employed.

We have spoken of counsel's duty to the court. Conversely, the court without regard to his opinion of the character or capacity of counsel should recognize the latter's right to call attention to questions of law which are not frivolous and which counsel urge with sincerity. It is the duty of the court to overrule with dignity contentions not deemed sound. If the court considers that no help would be secured by arguments of counsel, it need not listen to such arguments. Whether a particular instance calls for such treatment must be left to the justice. While ruling with firmness there should not be rancor nor should the language employed hold counsel or witnesses up to ridicule. So doing diverts the attention of the jury from the issue properly before it and creates an atmosphere charged with personal feelings in which it is well-nigh impossible for court or counsel properly to function or for the jury fairly and impartially to weight the evidence. The reaction of improper conduct by court, counsel or both can not be determined; but it is certain that in no case is such conduct compatible with a fair and impartial trial to which all litigants are entitled. *State* v. *Fenik*, 45 R. I. 309; *People* v. *Berardi*, 321 Ill. 47.

(2) There is a sharp divergence of recollection between thoroughly trustworthy members of the bar who were present or participated in this trial as to whether the most offensive of the court's remarks were heard by the jury. Under such circumstances the transcript must be accepted here as accurate and we must act upon the hypothesis that utterances which appear in the allowed transcript as having been made in open court in the presence of the jury and

recorded by an official court stenographer who is present for the purpose of taking down the language of court, counsel and witnesses, were or could have been heard by the jury.  We can not read this record without being convinced that the relations between counsel for defendant and the court became so strained after several days of the trial that the judicial character of the proceeding was seriously affected. Justice demands that the case be again submitted to a jury in a judicial atmosphere.  The motion for a new trial must be granted.

Most of the questions relating to admissions of evidence require no consideration in view of the granting of a new trial.  The limitation of defendant's cross-examination if conducted along the lines of the present case will doubtless again arise as will also the question of the burden of proof.  On the (3) latter the court told the jury that the burden was upon the defendant and that "if the proof is equal, if you can not satisfy yourself which side has the weightier evidence, you will find for plaintiff".  This charge was based upon the theory that the burden of proving unfaithfulness rested upon the employer. It is supported by good authority.  Labatt, Master and Servant, p. 1119.  To avoid error on these questions at another trial we deem it proper to briefly express our views. In *Labatt, supra*, where the burden of carrying the affirmative is said to rest upon defendant, it is because of a special plea setting up affirmative matter upon which plaintiff joins issue.  *Sayles* v. *Quinn*, 196 Mass. 492 (recoupment), offers an illustration, the court ruling that recoupment could not be shown under the general issue but must be offered under a special plea.  In Rhode Island, upon trial of such issues as are here involved, plaintiff starts with the obligation of showing that he performed his contract faithfully and according to his best skill and judgment.  Defendant under the general issue may show incompetency, inefficiency or mismanagement which will defeat this claim.  The burden of proof in the sense of establishing by a preponderance of evidence that he has faithfully performed his contract

and defendant has broken it rests upon the plaintiff. This burden does not shift. *Giblin* v. *Dudley Hardware Co.*, 44 R. I. 371; *Chaet* v. *Goldberg*, 110 N. Y. Supp. 817. Plain-. tiff has *prima facie* sustained his burden when he testifies generally to faithful performance and the employer's breach. *Malickson* v. *Louis J. Bergdoll Motor Co.*, 53 Penn. Sup. Ct. 185. The duty of going forward with evidence of mismanagement or misconduct or unfaithfulness·is then shifted to defendant, "if he would not have such *prima facie* case result in an established case by the required weight of evidence". *Eagle Brewing Co.* v. *Colaluca*, 38 R. I. 224, at 229; *Malickson* v. *Louis J. Bergdoll Motor Co.*, *supra;* 39 C. J. 198. At the close of the testimony, however, if the evidence be evenly balanced, plaintiff has failed to establish his case and the verdict must be for defendant. The statement of the court above quoted therefore, while supported by considerable authority, is not sound under the practice in Rhode Island. Exception 38 is sustained.

The above principles also throw light on the extent of the cross-examination of plaintiff which may be indulged in by (4) defendant to bring out plaintiff's various acts of misfeasance or nonfeasance. The extent of this cross-examination must rest within the sound discretion of the court. 40 Cyc. 2511 b. We are impressed in this record by the indulgence extended to counsel for defendant. Counsel was repeatedly cautioned that the court could not see how the questions could bring out anything of probative value but they were allowed on the representation of counsel that he did not propose to disclose his defence and his assurance that he would show the probative force when his own case was put in. After testimony going into minute detail concerning plaintiff's seven and one-half month's management of the business in the effort to discredit plaintiff's skill and judgment, the court exercised its discretion and refused to permit defendant to continue further cross-examination. It took the position that defendant had been given sufficient latitude and must proceed with evidence to establish his

charges of unfaithfulness or lack of skill and that thereafter if such evidence was denied by plaintiff, defendant could have full opportunity to further cross-examine. We think in this respect there was no abuse of the court's discretion.

The cases are remitted to the Superior Court for a new trial.

*George F. Troy, Max Winograd,* for plaintiff.
*Cooney & Cooney,* for defendant.