397 A.2d 1323.

JEFFREY FREEMAN *vs.* DANAL JEWELRY COMPANY.

FEBRUARY 21, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, and Doris, JJ.

322

BEVILACQUA, C.J.   The plaintiff (Freeman) appeals from an adverse judgment entered by a Superior Court justice sitting without a jury in an action involving a breach of an employment contract. We issued an order directing Freeman to show cause why his appeal should not be dismissed in light of this court's decision in *Hanaford* v. *Stevens & Co.*, 39 R.I. 182, 98 A.2d 209 (1916), and in view of our well-settled rule that the findings of fact of a trial justice, sitting without a jury, are entitled to great weight and will not be disturbed on appeal unless clearly wrong, or unless the trial justice overlooked or misconceived material evidence. *Gaglione* v. *Cardi*, 120 R.I. 534, 539, 388 A.2d 361, 364 (1978); *Raheb* v. *Lemenski*, 115 R.I. 576, 579, 350 A.2d 397, 399 (1976).

Freeman and defendant Danal Jewelry Company (Danal) entered into a written contract of employment, the terms of which provided that Danal was to employ Freeman from August 1, 1974 until December 31, 1976, with renewal at Danal's option. Freeman was to act as the coordinator of sales personnel, the product lines, and Danal's merchandising activities. Under the contract's terms Freeman was required to devote his full time, best efforts and services to his employment, to serve the best interest of Danal and to perform his tasks to Danal's reasonable satisfaction. The contract also provided that under prescribed circumstances Danal could terminate the agreement after December 31, 1975.

Notwithstanding the delineated time provisions, Danal discharged Freeman on February 14, 1975, stating that Freeman did not satisfactorily perform his duties and that his marketing efforts were ineffective, producing no significant sales. Nevertheless, Freeman sued Danal for breach of contract, arguing that he was wrongfully discharged in view of the fact that he had conscientiously performed while under Danal's employ.

At the trial, Freeman testified that he had always been punctual, had worked full days, and had always diligently handled all tasks assigned to him. In rebuttal, Danal introduced testimony to show that Freeman's performance had not been reasonably satisfactory as mandated by the contract. Specifically, Danal's witnesses testified that although Freeman had obviously carried out his duties to the best of his ability, he had performed as if he were still in his "schooling period in jewelry." Not only did Freeman commit numerous errors at extra cost to Danal, but also his ineffectual efforts generated no new sales for Danal.

The trial justice found that although Freeman had exercised his best efforts, his ineffective performance was not reasonably satisfactory to Danal and would not have been satisfactory to any reasonable employer. Finding that Danal

therefore had just cause to terminate Freeman's employment, the trial justice entered judgment for Danal.

Freeman asserts that the trial justice erred in requiring him to prove by a fair preponderance of the evidence that he had performed in a reasonably satisfactory manner. Citing *Schafer* v. *Thurston Manufacturing Co.*, 142 A. 613, 614 (R.I. 1928), to support his contention, Freeman insists that he needed only to have shown that he used his best skill and judgment. In *Schafer* v. *Thurston Manufacturing Co.*, 48 R.I. 244, 245, 137 A. 2, 4 (1927), the employment contract required the plaintiff as general manager to devote his time, skill and attention faithfully and exclusively to his employment. This court therefore held that the plaintiff-employee had the burden of showing that he performed his contract faithfully and according to his best skill and judgment. The defendant could rebut the plaintiff's case by introducing evidence to show incompetency, inefficiency or mismanagement on the part of the plaintiff. *Id.* at 248, 137 A. at 5.

We disagree with Freeman's position that we should apply the *Schafer* ruling to the present situation. Instead, we conclude that the standard established in *Hanaford* v. *Stevens & Co.*, 39 R.I. 182, 98 A.2d 209, is more appropriate because the terms of the *Hanaford* contract substantially mirror those in the instant case. Hanaford, a traveling salesman, entered into a written contract to "perform in every particular all the various duties of his position in a faithful, efficient and satisfactory manner * * *." *Id.* at 184, 98 A. at 209. We held that the issue was whether the employer had reasonable cause to be dissatisfied. In this case, where the contract required Freeman to perform to the reasonable satisfaction of his employer, the trial justice correctly utilized the reasonable satisfaction standard enunciated in *Hanaford*.

Moreover, we hold that the trial justice was not clearly wrong in finding that Freeman's performance was unsatisfactory. In so doing, he neither overlooked nor misconceived material evidence. *See Gaglione* v. *Cardi; Raheb* v. *Lemenski;* both *supra.*

The plaintiff's appeal is denied and dismissed. The judgment appealed from is affirmed, and the case is remanded to the Superior Court.

Mr. Justice Weisberger did not participate.

*Paul A. Anderson,* for plaintiff.

*Adler Pollock & Sheehan Incorporated, Peter Lawson Kennedy,* for defendant.