ELIZABETH FITZSIMMONS, administratrix, *vs.* CITY OF TAUNTON.

Bristol.    October 23, 1893. — November 29, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Personal Injuries — Negligence — Want of Precautions.*

If, in an action for personal injuries occasioned to the plaintiff's intestate by the caving in of the bank of a trench in which he was digging, there is some evidence that the defendant had notice of the danger and that the deceased had not, and there is also evidence that the precautions were not taken for the safety of the deceased which the defendant was bound to see taken, the jury are justified in returning a verdict for the plaintiff.

HOLMES, J. This is an action for personal injuries suffered by the plaintiff's intestate in consequence of the caving in of the bank of a trench in which he was at work digging. There was some evidence that the defendant had notice of the danger, and that the deceased had not. The testimony generally was that

the proper way of meeting the danger in a trench like this was to knock down the sides; but we cannot say that the jury were not warranted in finding that it was proper to shore them up. *Breen* v. *Field*, 157 Mass. 277. If they did find that that was the proper course, they were warranted in finding that the materials necessary to make the trench safe were not furnished. For although there was material at a pumping station two miles away which the foreman had authority to use, the jury might have found that this was practically inaccessible on account of the distance, and therefore that the negligence was that of the defendant, as in *Connolly* v. *Waltham*, 156 Mass. 368, 370, and not merely that of a fellow servant in failing to use the materials put at his command, as in *Zeigler* v. *Day*, 123 Mass. 152. On this view of the facts, the plaintiff's intestate was set to work in a place of danger without the precautions being taken for his safety which his employer was bound to see taken. It will be observed that this is not the case of a servant being employed to do a piece of work which may be dangerous or not according to the way in which it is done, and which is made dangerous by a fellow servant's using an improper tool, like *Carroll* v. *Western Union Telegraph Co.*, *ante*, 152, a case otherwise easily distinguishable from the present, but the work ordered necessarily was dangerous unless precautions were taken. We do not say that this seems to us the most obvious conclusion from the evidence, but we deem it a possible one.          *Exceptions overruled.*

*C. A. Reed*, for the defendant.

*J. W. Cummings*, (*E. Higginson* with him,) for the plaintiff.