JOSEPH LAPORTE *vs.* SAMUEL P. COOK, City Treasurer.

PROVIDENCE—MARCH 29, 1901.

PRESENT : Stiness, C. J., Tillinghast and Dubois, JJ.

(1) *Evidence.*

Where the issue is as to the character and weight of the sand and earth which fell upon plaintiff when the banks of the trench in which he was at work caved in, testimony tending to prove the weight of a cubic foot of sand taken from the place in question some time after the accident is inadmissible until the time of the taking is substantially fixed.

(2) *Procedure. New Trial.*

It is within the province of the court to admonish and rebuke counsel, as occasion may require ; and the degree or severity of the reprimand must be left to its discretion, so long as the same does not prevent a party from having a fair trial.

(3) *Evidence. New Trial.*

In an action for injuries received as the result of the caving-in of a trench in which plaintiff was digging, evidence as to the custom of shoring up ditches of like character and condition under circumstances similar to those in the case at bar is admissible.

(4) *Evidence. New Trial.*

The question whether materials provided by a master for the use of his servants and kept at the distance of one and three-quarters of a mile from the place of the accident were sufficiently furnished for the safe conduct of the work is a question for the jury. If so furnished, the use and application is the duty of the workmen, and their failure to use them is the negligence of fellow-servants.

TRESPASS ON THE CASE by servant against master for personal injuries received by the plaintiff in consequence of the caving-in of the bank of a trench in which he was at work digging. Heard on plaintiff's petition for a new trial. New trial denied.

For previous opinions, see 20 R. I. 261, and 21 R. I. 158.

DUBOIS, J. The plaintiff petitions for a new trial on the ground of certain alleged erroneous rulings of the justice who presided at the trial of the case in the Common Pleas

Division, and also on the ground that the demeanor of said justice was prejudicial to him and prevented him from having a fair and impartial trial. He also claims that the verdict was against the evidence.

(1) Several of the rulings complained of were made in connection with the production of testimony by the plaintiff as to the character and weight of the sand and earth which fell upon him when the banks of the trench in which he was at work caved in. The plaintiff's counsel insisted upon proving the weight of a cubic foot of sand taken from the place in question some time after the accident, without fixing the time of such taking, and the judge refused to admit the testimony until the time was substantially fixed. We fail to see any error in this ruling. The condition of the sand at differerent times would evidently affect the weight thereof ; and, hence, as affecting the value of the evidence relating thereto, it was proper for the court to require the plaintiff to fix the time at which the specimen of sand was taken from the place and weighed.

(2) The complaint of the plaintiff that the demeanor of the trial judge towards his counsel was prejudicial to him, is not, in our opinion, well founded. At any rate, it furnishes no ground for a new trial.

The criticism of counsel by the presiding justice had relation to his improper interference with the examination of a witness by the defendant's counsel ; and while it may be that a milder rebuke might have been sufficient, we think it is clear that what was said could not have prejudiced the jury against the plaintiff. It certainly does not appear that the court made any offensive use of the expression particularly complained of, but simply desired thereby to convey to counsel in plain language its disapproval of his conduct in unnecessarily and improperly impeding the trial of the case.

The judge presiding at the trial of a case has charge of the proceedings, and the mode in which the same shall be conducted, so long as there is no violation of the constitution or laws, rests largely in his judicial discretion. No rule can be prescribed which will anticipate every incident in the trial of

a case. Much must be left to the discretion of the court, to be applied in each instance as the occasion arises.

It is incumbent upon the court to maintain order and regularity in the proceedings before it; to restrain and check the excessive zeal or impetuosity of counsel; to preserve decorum and inculcate respect for the law and the courts. It is within the province of the court to admonish and rebuke, as the occasion may require; and the degree of severity of the reprimand must be left to its discretion, so long as the same does not prevent a party from having a fair trial of his case.

Rarely is exception taken to the manner and deportment of a judge presiding at the trial of a cause. Under ordinary circumstances, the methods of a trial judge should not be scrutinized too closely. A judge is a human being, even while upon the bench, and is subject to the same influences as other persons in this finite state.

The fact that it is unusual, infrequent, or unpleasant for a court of review to give relief upon such an exception, however, will not prevent it from so doing whenever it is made to appear that in consequence of such conduct a fair trial has not been had.

In the present case, after a careful examination of the record, we are convinced that there was nothing in the language or demeanor of the judge which could have prejudiced the jury against the plaintiff or have prevented him having a fair trial of his case before them.

(3) Another ruling of said justice alleged by the plaintiff to be erroneous was that permitting evidence to be given as to the custom of shoring up ditches. Whether it was necessary to shore up the sides of the ditch to render the premises reasonably safe for the plaintiff to work in was a question of fact for the jury to determine from the evidence.

There was evidence as to the nature and characteristics of the soil in which the ditch was dug, and it appeared in testimony that the ditch was four feet wide at the top, about eighteen inches at the bottom, and slanted on each side; it also appeared that the pipe had been rolled into the ditch.

Under the circumstances it was proper to permit the intro-

duction of evidence as to the custom of shoring up ditches of like character and condition under similar circumstances.

(4)  By their verdict the jury may have determined that it was not necessary to sheath the sides of the trench, and in such case they would not be called upon to decide whether materials for such sheathing had been provided by the defendant. But they may have decided that such sheathing was necessary, and in such case they would have to determine whether the city of Woonsocket did furnish material for the same.

The evidence discloses the fact that such materials were provided by the city at the city yard, where pipe, sheathing, and everything of that kind was kept, said yard being a distance of from one mile and three-quarters to two miles from the place where the accident occurred. It was not necessary for the city to place materials on the spot where they were to be used. In the case of *Dube* v. *Lewiston*, 83 Me. 211, it was held that lumber in the city tool-house, thirty rods distant from the place of accident, was sufficiently furnished for the safe conduct of the work. And in the case of *Fitzsimmons* v. *Taunton*, 160 Mass. 223, the question whether material, which the foreman had authority to use, at a pumping-station two miles away, was furnished or not was left to the determination of the jury.

If the jury decided that the city did furnish said materials, they thereby decided that the city had discharged its duty in that regard.

The use and application of such materials formed a part of the duty of the workmen. And if their failure to sheath the sides of the trench was negligence, it was negligence of fellow-servants of the plaintiff, for which the defendant is not liable.

The verdict is sustained by the evidence.

New trial denied, and case remitted to the Common Pleas Division with direction to enter judgment upon the verdict.

*William G. Rich and Archambault & Gaulin*, for plaintiff.
*Erwin J. France, City Solicitor*, for defendant.