FRANK A. LORNITZO *vs.* RHODE ISLAND HOSPITAL.

JULY 3, 1952.

PRESENT: Flynn, C. J., Capotosto, Baker and O'Connell, JJ.

CAPOTOSTO, J. This action of trespass on the case for negligence was tried to a jury in the superior court and resulted in a verdict for the plaintiff in the sum of $30,000. The defendant's motion for a new trial was granted unless plaintiff remitted all of the verdict in excess of $23,000. Such remittitur was filed. The defendant has duly prosecuted its exceptions to the denial of its motion to pass the case because of an alleged improper remark by plaintiff's counsel in his opening to the jury, to the refusal of the trial justice to direct a verdict in its favor, and to his failure to grant a new trial unconditionally.

After a careful examination of the conflicting evidence in the record before us our conclusion makes it necessary in the interests of both parties merely to outline in general language the circumstances concerning the accident and its alleged resulting injuries to plaintiff. In the afternoon of November 11, 1946 plaintiff, nineteen years old, single and a benchhand in a machine shop, went to a motion picture theatre in the city of Providence with his close friend John G. Muirhead, a spiritualist minister sixty-eight years of

age and having no family. It appears that while at the theatre Muirhead was taken ill; that upon the arrival of defendant's ambulance he was placed therein on a stretcher with his head towards the front; and that immediately to his left as he lay in that position there was a seat facing the rear of and attached to the driver's compartment of the ambulance, which seat was some six or eight inches from the handle of a door on the right front side of that vehicle.

The plaintiff, who was permitted to accompany Muirhead, entered the ambulance through that side door and after changing from a rear seat, at the doctor's request, he sat in the seat above described. On the way to the hospital and as the ambulance turned a corner of certain intersecting streets in a business section of the city the side door opened and he was thrown out of the moving vehicle onto the ground. According to plaintiff, he grasped the handle of the door *only while it was opening* in an attempt to close it but he was unsuccessful.

The defendant contends that plaintiff had failed to establish that the opening of the door was due to any negligent act or omission on the part of the driver, and that such occurrence was the result of plaintiff's own conduct in holding onto the handle of the door while the ambulance was in motion. It also seriously questions the nature and extent of plaintiff's injuries, contending that he suffered no substantial bodily injury which was objectively or reasonably ascertainable; that his claim of permanent mental impairment due to traumatic neurosis was greatly exaggerated and insincere; and that certain pertinent evidence plainly indicated that his neurotic or psychopathic condition was attributable to causes other than the accident.

Under its first exception defendant urges that the trial justice erred in refusing to pass the case because of an alleged improper remark by plaintiff's counsel in his opening to the jury. The determination of that question involved the exercise of his discretion and we find that he did not abuse it. This exception is overruled.

458

The next exception argued by defendant is to the denial of its motion for a directed verdict. Its contention on this question assumes that the determinative evidence on the issue of liability was undisputed or inherently improbable and that, when so viewed, "the accident as described by the plaintiff could not have happened unless the plaintiff opened the door himself." The assumption upon which defendant rests its conclusion ignores the fact that even though the evidence were nebulous in certain material aspects, nevertheless when taken as a whole and considered most favorably to the plaintiff it presented an issue for determination by the jury in the first instance. To direct a verdict under such circumstances would have been in violation of our well-settled rule. *Jacobs* v. *United Electric Rys.*, 46 R. I. 230; *Andrews* v. *Penna Charcoal Co.*, 55 R. I. 215; *Di Biase* v. *Nardolillo*, 76 R. I. 143. The exception under consideration is overruled.

The third and final exception pressed by defendant is to the ruling denying its motion for an unconditional new trial. There is merit in this exception. In his rescript the trial justice reviewed the evidence in great detail on the issue of liability, paying special attention, as plainly appears from his use of frequent quotations and supplied italics, to the testimony of plaintiff and his friend Muirhead with reference to how or why the door of the ambulance was opened. His purpose in so doing evidently was to accentuate what he considered material discrepancies, evasions, exaggerations and contradictions in their testimony, and his conclusion therefrom was that neither "Muirhead nor the plaintiff impressed the Court too much with their testimony." Later he again referred to the testimony of Muirhead and said: "Muirhead exaggerated much. He testified to more than he saw or more than he knew of the details of the fall." The manner in which the trial justice reviewed the testimony and his foregoing statements respecting the credibility of the plaintiff and his witnesses convinces us that in his independent judgment the verdict of the jury

on the issue of liability was not supported by a fair preponderance of the *credible* evidence and therefore failed to respond truly to the real merits of the controversy.

This court has repeatedly held in a long line of decisions, illustrated by the following citations, that in such circumstances it was the duty of the trial justice to grant a new trial. *Wilcox* v. *Rhode Island Co.*, 29 R. I. 292; *McMahon* v. *Rhode Island Co.*, 32 R. I. 237; *Nichols* v. *New England Tel. & Tel. Co.*, 57 R. I. 180; *McLain* v. *Tripp*, 73 R. I. 105. Instead of following that firmly-established rule to its proper and logical conclusion he suddenly departed therefrom and denied defendant a new trial by applying the rule, which is also well settled with us, that when the evidence is so nearly balanced, or is such that different minds would naturally and fairly come to different conclusions a trial justice has no right to disturb the findings of the jury, even though his own judgment might incline him to the contrary. In this we find reversible error. On the issue of liability his own evaluation of the weight of the evidence and the credibility of the witnesses, which he so clearly impugned, destroyed the basis of the rule upon which he rested his decision and made it inapplicable.

The trial justice's review of the testimony on the question of damages follows the same pattern as the one concerning the issue of liability. After reciting in detail the evidence with reference to plaintiff's surroundings, his habits and mode of living, his mannerisms in court, his alleged mental ailments and other similar matters, he said that "the plaintiff, while he complained of poor memory showed no hesitancy in giving the minutest detail of the incidents surrounding the accident which happened on November 11, 1946." He concluded this part of the rescript with the following statement: "The Court finds that the jury was motivated by sympathy, passion and prejudice in its award of damages due to the plaintiff's *acting* before them for a trial lasting seven days, whether consciously or uncon-

460

sciously,. and of his magnifying and exaggerating the injuries and damages he sustained." (italics ours)

In the circumstances such a view of plaintiff's conduct· and of the jury's reaction thereto affects the entire verdict. When prejudice or other improper influences of this kind are found by the trial justice to have operated to the extent above mentioned, it is difficult to determine with reasonable certainty where they end. If he believed that plaintiff magnified and exaggerated his injuries and was "acting" throughout the trial, there can be no assurance that such behavior did not improperly influence the jury in their consideration of the issue of liability. This, in our judgment, furnishes an added reason why the trial justice should have ordered a new trial. A remittitur in these circumstances was clearly inadequate to assure the losing party that the jury decided all the issues of the case solely on the evidence and according to law.

For the reasons stated we cannot give to the decision of the trial justice the weight that it otherwise would have under our practice. In such a case it becomes our duty, in accordance with our appellate rule, to examine the evidence independently of his decision. After due consideration it is our opinion that in the peculiar circumstances disclosed by the record before us the evidence strongly preponderates against the verdict.

The defendant's exception to the denial of its motion for a new trial is sustained, all of its other exceptions are overruled, and the case is remitted to the superior court for a new trial.

*Sigmund W. Fischer, Jr., Irving H. Strasmich, Edward I. Friedman,* for plaintiff.

*Swan, Keeney & Smith, Francis B. Keeney, Jr., John B. Dillon, Frederick W. O'Connell,* for defendant.