Vincent YAMMERINO

v.

CRANSTON TENNIS CLUB, INC.

No. 77–285–Appeal.

Supreme Court of Rhode Island.

July 16, 1980.

Thomas Angelone, Providence, for plaintiff.

A. L. Parks, III, Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is a civil action in which the plaintiff seeks to recover damages for injuries suffered in a fall allegedly caused by the negligent maintenance of the defendant's premises. The case was tried before a jury in the Superior Court of Providence County. The jury found the defendant, Cranston Tennis Club, Inc., 90 percent negligent and the plaintiff 10 percent negligent and awarded damages accordingly. The trial justice, however, granted the defendant's motion for a new trial and entered judgment awarding a new trial on all issues. The plaintiff now appeals from the judgment.

On January 5, 1974, plaintiff Vincent Yammerino and an opponent were playing tennis at defendant's indoor tennis facility in Cranston. During one of the points, Yammerino's opponent lofted a "lob" shot over Yammerino's head. Yammerino testified that he chased the ball in an attempt to return it but that as he was looking up at the ball, he ran into the rear wall. He then modified this testimony by indicating that he didn't actually remember hitting the wall.

The plaintiff's opponent testified that Yammerino slipped and fell when he planted his foot on the overlap of a heavy plastic curtain which hung against the tennis court's rear wall. The base of the curtain overlapped between six to twelve inches from the base of the wall out onto the floor, depending on the amount of slack in the overhead cable from which the curtain was suspended. In addition, behind the curtain was a cement footing about three feet high, which extended out from the wall about six inches. Although other beams and the main wall were covered with a soft material, the footing was uncovered. The curtain and wall in question were located approximately twenty-one feet behind the baseline of the tennis court.

The testimony of plaintiff's physicians indicated that Yammerino's injuries included a lacerated upper lip, headaches, dizziness, pain at the base of his skull and in the top of his neck, pain in his left wrist and fingers, a chipped tooth, and cervical strain. He incurred medical bills of approximately $1,050. Yammerino further claimed an eleven-week period of disability and an incurred loss of approximately $2,400 in wages that he would have earned as a "teaching pro" at a golf club in Florida.

The jury found that defendant had been 90 percent negligent and that plaintiff had been only 10 percent negligent. They awarded damages to plaintiff in the amount of $31,000, apparently allocating about $3,450 for medical expenses and loss of income, and about $27,550 for loss of earning capacity and pain and suffering. The defendant made a motion for a new trial on the issues of liability and damages, and the trial justice granted the motion on both issues. The only question for this court to resolve on appeal is whether the granting of the new trial on both issues was proper.

It is well settled that in ruling on a motion for a new trial, a trial justice has a "duty to consider in the exercise of his independent judgment all of the material evidence in the case in the light of his charge to the jury and to pass on its weight and the credibility of the witnesses. * * * On that evidence he decides whether to approve the verdict even against doubts as to its correctness because the evidence is nearly balanced, or is such that different minds can naturally and fairly come to different conclusions thereon; or, in the alternative, to set it aside when his judgment tells him that it is wrong because it fails to respond truly to the merits of the controversy and to administer substantial justice

and is against the fair preponderance of the evidence." *Barbato v. Epstein*, 97 R.I. 191, 193–94, 196 A.2d 836, 837 (1964). The trial justice need not engage in an exhaustive analysis into the import of all the evidence and the oral testimony; nevertheless, "he should at least refer sufficiently to what motivates him to rule as he does \* \* \*." *Morinville v. Morinville*, 116 R.I. 507, 511–12, 359 A.2d 48, 51 (1976). On appeal, we shall not disturb his ruling on the motion for a new trial unless in performing his duty, he overlooked or misconceived material evidence or was otherwise clearly wrong. *Galusha v. Carlson*, R.I., 386 A.2d 634, 635 (1978); *Handy v. Geary*, 105 R.I. 419, 435, 252 A.2d 435, 443–44 (1969).

## I. Damages

■ This court has stated that the fixing of damages, although generally a jury function, "may be interfered with by a trial justice on a motion for a new trial if, in the exercise of his independent judgment in passing upon the evidence adduced with respect thereto, he finds that the award is grossly in excess of an amount adequate to compensate for the injuries sustained." *Wood v. Paolino*, 112 R.I. 753, 755, 315 A.2d 744, 745 (1974). In addition, when the damages awarded are for pain and suffering, we have stated that the trial justice may disregard the jury's award on a motion for a new trial "only if it shocks the conscience or clearly demonstrates that the jury was influenced by passion or prejudice, or that it proceeded upon a clearly erroneous basis in arriving at its award." *Id.* at 757, 315 A.2d at 746. The trial justice apparently found the award of $3,450 for medical expenses and loss of income to have been reasonable; however, the award of about $27,550 for loss of future earnings and pain and suffering shocked his conscience to the point that he was forced to conclude that "the jury was motivated or moved by exaggerated sympathy or passion or prejudice, and was not responding rationally to the evidence presented on damages."

The plaintiff urges that the jury award was reasonable under the circumstances and that the trial justice overlooked or misconceived the evidence of plaintiff's continuing disability and lasting pain and suffering. We disagree. In his ruling on the motion, the trial justice considered the material evidence relating to plaintiff's injuries. He simply found plaintiff's testimony unconvincing. He noted that plaintiff's severe symptoms persisted for about a month, that he was disabled for about eleven weeks and returned to work in April, that in the spring of 1974 the headaches subsided and the strength in his wrist returned, that his chipped tooth was filed smooth with no apparent lasting problems, and that he felt well enough to compete in the 1974 Rhode Island Open Golf Tournament in May or June.

We therefore find that on the issue of damages the trial justice properly executed his duty in ruling on the motion for a new trial. *See Galusha v. Carlson*, 386 A.2d at 636. Furthermore, we conclude that he neither misconceived nor overlooked material evidence. The record reveals that plaintiff's testimony concerning his ailments—his headaches, dizziness, neck pains, knee problems,[1] and dental problems—was not corroborated by, and in fact at times was inconsistent with, the testimony of his attending physicians. We also cannot say that the trial justices's ruling that the jury award was grossly excessive and tainted by passion or prejudice was clearly erroneous.

## II. Liability

■ The determination of liability, like the awarding of damages, is clearly a matter within the province of the jury. Nevertheless, a trial justice, just as clearly, may disregard a jury's finding on negligence if in the exercise of his independent judgment, he concludes that the jury verdict "fails to respond truly to the merits of the controversy and to administer substantial justice and is against the fair preponder-

---

1. In January 1974, plaintiff had not considered the pain in his right knee serious enough to mention to his orthopedic surgeon. By May

1974, however, the knee had become his major complaint.

ance of the evidence." *Barbato v. Epstein,* 97 R.I. at 194, 196 A.2d at 837. In the instant case, the trial justice found it unnecessary to examine closely the evidence relating to negligence. Rather, he awarded a new trial on the issue of liability in reliance on *Lornitzo v. Rhode Island Hospital,* 79 R.I. 455, 89 A.2d 831 (1952). In *Lornitzo,* we stated that when the trial justice determines that prejudice or other improper influences have significantly tainted the jury's award of the damages, there can be no assurance that the jury's determination on the issue of liability has not been similarly tainted. *Id.* at 460, 89 A.2d at 883; *cf. Brimbau v. Ausdale Equipment Rental Corp.,* R.I., 389 A.2d 1254, 1256 (1978) (erroneous adjudication of liability could not be said not to have affected jury's determination of damages). To assure the losing party that the substantive issue will be fairly determined on the evidence and according to law, a new trial must be ordered. *Lornitzo v. Rhode Island Hospital,* 79 R.I. at 460, 89 A.2d at 833. In the judgment of the trial justice, the jury award in the instant case was tainted "by exaggerated sympathy or passion or prejudice * * *." In view of our agreement, we believe that *Lornitzo* controls and that the trial justice properly ordered a new trial on the issue of liability. A remittitur of damages would have been insufficient to assure the defendant that the jury had responded rationally to the evidence presented on the issue of liability. *Id.* at 460, 89 A.2d at 833.

The plaintiff's appeal is denied and dismissed, the judgment ordering a new trial is affirmed, and the case is remanded to the Superior Court for a new trial on all issues.