NORLIN MUSIC, INC.

v.

KEYBOARD "88" INC., OF WARWICK.

No. 79–74–Appeal.

Supreme Court of Rhode Island.

Jan. 27, 1981.

sion granting a directed verdict in respect to three counts of defendant's counterclaim.[1]

In this appeal this court will consider two issues: (1) whether plaintiff is entitled to a new trial because of defendant's improper comments in his final argument to the jury, and (2) whether there was sufficient evidence concerning defendant's counterclaims to submit to a jury for consideration. Because of our ruling on the aforesaid issues, however, we need not address other issues raised by plaintiff.[2]

Higgins, Cavanagh & Cooney, Joseph V. Cavanagh, Providence, for plaintiff.

Haig Barsamian, Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is a civil action instituted by the plaintiff, Norlin Music, Inc., in which it seeks to recover $50,461.67 in book account for organs sold and delivered to the defendant Keyboard "88" Inc., of Warwick. The defendant denied the claim and filed a four-count counterclaim alleging that the plaintiff had breached certain dealership agreements and had harassed the defendant.

This matter was tried before a jury in the Superior Court. At the close of defendant's case, the trial justice, upon a motion made by plaintiff, directed a verdict against defendant on each count of the counterclaim but submitted plaintiff's claim of damages to the jury. The jury returned a verdict for plaintiff in the sum of $14,000. Judgment was entered for plaintiff. Both parties filed motions for a new trial. The trial justice denied the motions. The plaintiff appeals from the denial, but defendant waives its right to appeal from the denial of its motion for a new trial and pursues instead its appeal from the trial justice's deci-

I

The plaintiff contends that the trial justice erred in refusing to grant plaintiff's motion for a new trial because of defendant counsel's improper argument to the jury. In his closing argument, defendant's counsel analogized the relationship between defendant and plaintiff to the relationship between David and Goliath. Moreover, defendant's counsel argued that plaintiff's corporation was a big corporation that had engaged in unfair dealing and had harassed defendant's small corporation. The plaintiff repeatedly objected to defendant counsel's argument, stating that the remarks were totally irrelevant, improper, and highly prejudicial. *See Peloso v. Imperatore,* 107 R.I. 47, 50, 264 A.2d 901, 903 (1970); *cf. Procaccianti v. The Travelers Ins. Co.,* R.I., 385 A.2d 124, 126 (1978) (no objection indicates testimony was not prejudicial). The trial justice overruled each of plaintiff's objections, but did instruct the jury that defendant counsel's reference to plaintiff's corporation as a Goliath doing business with defendant's corporation as a David should be disregarded as having no bearing on the ultimate disposition of the case.

Although counsel undeniably has the privilege of engaging in all fair comment on behalf of his client, he exceeds this privilege when he attempts to appeal solely

1. The defendant in this appeal does not challenge the grant of a directed verdict regarding the remaining count of the counterclaim.

2. Additionally, plaintiff contends that the trial justice, in denying plaintiff's motion for a new trial on the jury verdict, overlooked material evidence and that his decision was clearly wrong.

to the prejudice and passion in the minds of the jurors, thereby diverting their minds from the case at issue. In such a situation it is the duty of the trial justice to confine counsel's argument to relevant issues. *Pescatore v. MacIntosh*, 113 R.I. 139, 145 n.2, 319 A.2d 21, 25 n.2 (1974); *Wrynn v. Downey*, 27 R.I. 454, 467, 63 A. 401, 406 (1906); see *Schafer v. Thurston Mfg. Co.*, 48 R.I. 244, 247, 137 A. 2, 4 (1927); *LaPorte v. Cook*, 22 R.I. 554, 555–56, 48 A. 798, 799 (1901). However, a trial justice's refusal to sustain objections to an allegedly improper argument in a civil action will not be disturbed on appeal unless the refusal constitutes clear prejudice to the moving party. *Pescatore v. MacIntosh*, 113 R.I. at 145 n.2, 319 A.2d at 25 n.2; *Powers v. Carvalho*, 109 R.I. 120, 127, 281 A.2d 298, 301 (1971); *State v. Peters*, 82 R.I. 292, 296–97, 107 A.2d 428, 430 (1954); see *Dixon v. Royal Cab, Inc.*, R.I., 396 A.2d 930, 933 (1979).

▪ In the instant case, defendant counsel's reference to a David-and-Goliath relationship between defendant and plaintiff corporations during summation, an allegation that was unsupported by the evidence, exceeded the proper bounds of his privilege. It is generally held improper for counsel to make such statements in his argument which are calculated to prejudice the jury against a party who is a corporation merely because of its big corporate status. *E. g., Higgins v. Terminal Railroad Ass'n of St. Louis*, 362 Mo. 264, 277, 241 S.W.2d 380, 386 (1951). When, however, it does not appear that the jury verdict was influenced by the improper remarks or in cases where the improper references were dissipated by curative instruction, this court will not disturb the ruling of the trial justice in denying a motion for a new trial. See *Cochran v. Dube*, 114 R.I. 149, 152–53, 330 A.2d 76, 78 (1975); *Mattos v. Patriarca*, 111 R.I. 475, 476–77, 304 A.2d 355, 356–57 (1973).

▪ Upon a review of this record, there can be no assurance that the jury's award of damages was not influenced by defendant counsel's remarks. See *Yammerino v. Cranston Tennis Club, Inc.*, R.I., 416 A.2d 698, 701 (1980); *Lornitzo v. Rhode Island Hospital*, 79 R.I. 455, 460, 89 A.2d 831, 833 (1952). Moreover, the trial justice's curative admonition to the jury that the remarks should be disregarded was insufficient to neutralize the prejudice implanted in the jurors' minds by defendant counsel's reference to the comparative corporate positions of plaintiff and defendant. *Powers v. Carvalho*, 109 R.I. at 128, 281 A.2d at 302; see *H. E. Butt Grocery Co. v. Quick*, 442 S.W.2d 798, 802 (Tex.Civ.App.1969). Therefore, we find that defendant counsel's remarks constituted improper and prejudicial conduct in the presence of the jury. Accordingly, we hold that the trial justice abused his discretion in denying plaintiff's motion for a new trial.

II

▪ Directing our attention to defendant's claim, we find that the trial justice did not err in granting a directed verdict in regard to three counts of defendant's counterclaim. We have recently reiterated in *Montuori v. Narragansett Electric Co.*, R.I., 418 A.2d 5, 9 (1980), that when reviewing the decision of a trial justice on a motion for a directed verdict, we must

"view all of the evidence in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable and legitimate inferences that may properly be drawn from the evidence, without weighing the evidence or exercising his independent judgment in regard to the credibility of the witnesses who have testified. * * * If the trial justice finds that issues exist upon which reasonable men might draw conflicting conclusions, he shall deny the motion for a directed verdict and allow the jury to resolve controverted issues." [Citations omitted].

The trial justice in the instant case, after carefully setting forth the correct standard of review on a motion for a directed verdict, determined that there was no evidence of any dealership agreements between the parties. Rather, upon a review of all the evidence presented, the trial justice ruled that the parties were involved in no more

than a contemplated business arrangement. The record here is completely devoid of any evidence to support the defendant's claims that pursuant to a contract between the parties, the plaintiff was obligated to sell organs under certain terms and conditions. Therefore, the trial justice was correct in granting the plaintiff's motions for a directed verdict regarding each of the defendant's counterclaims.

The plaintiff's appeal is sustained; the defendant's appeal is denied. The judgment appealed from is vacated, and the case is remanded to the Superior Court for a new trial.