[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before the Court is a motion by Norbell Realty Corporation (Defendant) seeking a new trial or, in the alternative, a remittitur from a jury verdict rendered in favor of Michael DeSantis (Plaintiff). Jurisdiction in this Superior Court is pursuant to R.C.P. 59.
The instant case was heard by the Court sitting with a jury. The jury found for the plaintiff in the sum of two hundred twenty five thousand dollars ($225,000.00)
Defendant is requesting a new trial on the ground that the jury verdict was not supported by the evidence. In the alternative, defendant seeks a remittitur on the ground that the amount of damages awarded was grossly excessive in relation to the injury sustained.
Plaintiff objects to defendant's motion and contends that the jury's verdict was amply supported by the evidence.
ANALYSIS
It is well established that in determining whether or not to grant a motion for a new trial the duty of the trial justice is to consider all of the material evidence in the case in the light of his or her charge to the jury and to pass on its weight and the credibility of the witnesses. Yammerino v. Cranston TennisClub, Inc., 416 A.2d 698, 699-700 (R.I. 1980); Barbato v.Epstein, 97 R.I. 191, 193-94, 196 A.2d 836, 837 (1964). The trial justice may accept or reject some of the evidence or testimony and either affirm the jury's verdict or, in the alternative, set it aside when his or her judgment tells him or her that it is wrong because it fails to respond truly to the merits of the controversy and to administer substantial justice or is against the fair preponderance of the evidence. Id.
Defendant first asserts that a new trial is warranted due to the fact that the jury had before it insufficient evidence with which to find defendant negligent. Contending that there was inadequate evidence to prove that a defect existed or, alternatively, that defendant had notice of the defect, defendant avers that the jury's verdict was contrary to the evidence presented. This Court disagrees.
With respect to whether or not a defect in the stairs existed, the jury heard plaintiff's version of how the incident occurred. Plaintiff testified that as he was descending the stairs after having delivered the mail, he lost his footing and fell. This version was essentially uncontradicted, although defendant attempted to disprove plaintiff's account of the incident by examining how several treating physicians had described the incident in their medical notes. The Court finds these alleged inconsistencies unpersuasive.
Moreover, it is significant that Amitee and Anthony Bellini, principals of defendant corporation, testified that there existed a problem with the stairs in question. Mr. Bellini further testified that he had made at least one repair to the stairs prior to plaintiff's fall. Additionally, Mr. Tom Clupny testified that he had made certain repairs to the stairs. Confronted with this evidence, the jury had sufficient evidence from which they could find liability.
Defendant next avers that there was insufficient evidence upon which the jury could infer that defendant had notice of the defect. However, Mr. Bellini testified that he was cognizant of a problem with respect to the stairs sometime in March or April of 1985, which predated plaintiff's injury. Mr. Bellini then made an initial and temporary repair of the stairs after which he advised his wife, Amitee Bellini, that the stairs needed to be replaced. From this testimony alone, the jury would have been hard pressed not to find defendant had notice of a dangerous condition.
The Court is satisfied, therefore, that the jury neither misconstrued nor improperly inferred that both a dangerous condition existed and that defendant had notice thereof. Accordingly, Defendant's motion for a new trial with respect to the issue of negligence and lack of notice is denied.
The Court next considers defendant's motion for a new trial with respect to the issue of damages or, in the alternative, a remittitur. Though initially a function of the jury, the fixing of damages may be interfered with by a trial justice if, after exercising his or her independent judgment in passing upon the evidence of damages, he or she finds that the award is grossly in excess of an amount adequate to compensate the plaintiff for the injuries sustained. Mouchon v. Erikson's, Inc., 448 A.2d 779
(R.I. 1982); Yammerino v. Cranston Tennis Club, Inc., supra
at 698. Furthermore, while the jury is to be given substantial latitude in awarding damages, the court may vacate said award where it is so grossly excessive as to shock the conscience of the court. See, e.g. Zarrella v. Robinson, 460 A.2d 415, 418 (R.I. 1983); Pimental v. Postoian, 121 R.I. 6, 13,393 A.2d 1097, 1101 (1978); Wood v. Paolino, 112 R.I. 753, 757,315 A.2d 744, 746 (1974).
Dr. Alan Feldman, an economics professor, testified that plaintiff's economic loss as a result of the fall amounted to $125,628. Feldman was articulate and credible and it was within the jury's discretion to accept all, some or none of that figure.
The troubling aspects of the case are the inconsistencies between plaintiff's testimony and the myriad medical documents introduced. Plaintiff was treated by several physicians and received physical therapy from at least two sources. The medical reports do not support his trial testimony. His stated complaints of pain to the medical care givers are simply not borne out by the evidence. On the contrary, the medical reports indicate less pain, fewer complaints and more improvement as time went on.
Plaintiff's testimony at trial is belied by his prior statements and the numerous medical reports. Plaintiff's testimony was inconsistent with the years of medical documentation and completely unconvincing. His testimony as to the seriousness of his condition is not only unsupported by the medical evidence but contradicted by that extensive medical documentation. Plaintiff was neither credible nor persuasive.
Consequently, the Court finds that the jury's award was not supported by competent evidence but was instead influenced by passion or prejudice. Such an award is clearly improper and therefore subject to the Court's discretion. See, Zarrella,supra at 418; Wood, supra, at 757, 315 A.2d at 746. Additionally, where the award fails to administer substantial justice between the parties in relation to the injury sustained a new trial on the issue of damages is warranted. Pimental,supra, at 1101; Wood, supra, at 756-57, 315 A.2d at 746.
The jury in the instant case awarded an amount inconsistent with both the evidence presented and the testimony adduced. Such a grossly excessive award shocks the Court's conscience. The Court is satisfied that the jury was influenced by exaggerated sympathy or passion or prejudice. Accordingly, unless the plaintiff remits all the jury's verdict in excess of $155,000, the Court orders a new trial on the sole issue of damages.
For the reasons herein above set out, defendant's motion is granted in part and denied in part.
Counsel shall prepare an entry of judgment in accord with the above decision.