DECISION
This matter is before the Court on plaintiff's motion for a new trial on the issue of damages and defendant's motion for an order excluding prejudgment interests and costs. The parties were involved in an automobile accident in June 1992, regarding which liability has already been determined as against defendants Dunham and The City of Providence. After trial, the jury awarded damages to the plaintiff in the sum of $23,200.00 plus interest of $8,535.05, for a total of $31,735.05.
New Trial
On a motion for a new trial, the duty of the trial justice is to consider all of the material evidence in the case in light of the charge to the jury and pass on its weight and the credibility of the witnesses. Tammarino v. Cranston Tennis Club,Inc., 416 A.2d 698, 699-700 (R.I. 1980), Barbato v. Epstein,97 R.I. 191, 193-94, 196 A.2d 836, 837 (1964). The trial justice may accept or reject some of the evidence or testimony and either affirm the jury's verdict or, in the alternative, set it aside when good judgment says the verdict is wrong, either because it fails to truly respond to the merits of the controversy and to administer substantial justice, or is against the fair preponderance of the evidence. Id. If the evidence is evenly balanced or is such that reasonable minds could arrive at different conclusions, the motion should be denied.
The plaintiff asserts that a new trial is warranted due to an insufficient award for damages. Three witnesses testified during the trial, including the plaintiff herself. In addition to plaintiff, who testified as to her injuries, medical treatment and lost earnings and pain and suffering, Becky Porcaro testified regarding the plaintiff's pain and suffering and to the diminution of plaintiff's activities subsequent to the accident. Plaintiff's physician, Peter A. Pizzarello, M.D., testified that the plaintiff's injury resulted in a permanent partial disability, but that she is able to work. Additionally, counsel for both plaintiff and defendant both suggested figures regarding damage awards, which the jury clearly considered and rejected.
The Court is satisfied that the jury took careful account of all of the testimony presented, weighing it carefully in awarding damages of $23,200.00 to plaintiff. Where reasonable minds could differ, this Court will not disturb a fair verdict which responds to the merits of the controversy. Given the testimony, the jury award was certainly within the realm of reason and supported by the evidence. The plaintiff's motion for a new trial with respect to damages is denied.
Prejudgment Interest
The defendant moves to exclude an award of prejudgment interest under the Government Tort Liability Statute, R.I. Gen. Law 9-31-1, which specifically abrogates sovereign immunity of the State and its political subdivisions. The Act declares that the State shall "be liable in all actions of tort in the same manner as a private individual or corporation." R.I. Gen. Law § 9-3-1.
Since the doctrine of sovereign immunity has been abrogated with respect to municipalities, the former distinction between proprietary and governmental function is no longer controlling or of significant assistance in determining the liability of a municipality under the Tort Claims Act. O'Brien v. State,555 A.2d 334, 338 (R.I. 1989). In the case at bar, defendant Dunham was operating a motor vehicle owned by defendant City of Providence, with the knowledge, consent, and permission of the City. (Defendant's Answer to Complaint, December 4, 1992.) Defendant Dunham was employed by the defendant City of Providence as maintenance repairs and construction coordinator at the time of the accident. (Defendants' Answers to Plaintiff's Interrogatories, May 10, 1993.) Judgment was entered against both defendants on July 6, 1995. One defendant is a municipality, the second is an agent of that municipality, and they are both, therefore, covered by the statute.
The Rhode Island Supreme Court has determined that the liability of the state under the Tort Claims Act refers only to liability for damages. Andrade v. State, 448 A.2d 1293, 1294 (R.I. 1982). While interest is ordinarily added to an award for damages as a matter of course because required by statute,[1]
the Court in Andrade held that prejudgment interest does not apply against the State in an action under the Tort Claims Act. The Act specifically imposes liability only for damages, and prejudgment interest is not an element of damages. Id. Damages refer to compensation for injury sustained. Andrade, at 1295, (citing DeSpirito v. Bristol County Water Co., 102 R.I. 50,227 A.2d 782 (1967)). Interest is purely statutory, and is peremptorily added to the verdict by the clerk of the Court.Andrade, at 1295; see also Pray v. Narragansett Improvement Co.,434 A.2d 923 (R.I. 1981).
In this instance, the jury returned an award for damages in the amount of $23,200.00 against the defendants Dunham and the City of Providence. The additional award of $8535.05 for prejudgment interest was erroneously added by the Clerk of the Court at the conclusion of the two-day trial.
As prejudgment interest does not apply against the State or municipality as a defendant, the peremptory grant of prejudgment interest to the plaintiff was in error and is hereby reversed.
Counsel are directed to prepare the appropriate orders.
[1] In any civil action in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages, interest at the rate of twelve percent (12%) [.] R.I. Gen. Laws 1956 (1985 Reenactment, as amended) § 9-21-10.