Anthony DelFARNO et al.

v.

AETNA CASUALTY AND SURETY COMPANY.

No. 95–100–A.

Supreme Court of Rhode Island.

March 27, 1996.

Jonathan Oster, Bruce Sawyer, Lincoln.

David Maglio, III, Providence, Pamela Berman, Eric Marandett, Boston.

### ORDER

This matter came before a panel of the Supreme Court for oral argument on March 19, 1996, pursuant to an order that directed the plaintiffs, Anthony DelFarno and Patricia DelFarno, to show cause why their appeal should not be summarily decided. The plaintiffs have appealed from a Superior Court judgment for defendant Aetna Casualty and Surety Company (Aetna) and from the trial justice's denial of the plaintiffs' motion for a new trial. After hearing the arguments of counsel and reviewing the briefs submitted by the parties, we are of the opinion that cause has not been shown, and therefore the case will be decided at this time.

On May 17, 1990, plaintiffs' vehicle was destroyed by a fire that plaintiffs asserted was caused by an electrical fire. The plaintiffs claimed the loss of personal property valued at approximately $50,000 under policies that plaintiffs maintained with Aetna.

Before Aetna denied the claim, plaintiffs filed suit alleging breach of contract and bad faith.

A jury trial was held beginning on November 17, 1994 and concluding on November 23, 1994, after which the jury returned a verdict in favor of Aetna. The jury found that Aetna had justifiably denied plaintiffs' claim because plaintiffs made material misrepresentations as to prior claims and because Anthony DelFarno had engaged in fraudulent activity in respect to the fire. On December 14, 1994, the trial justice denied plaintiffs' motion for a new trial, and the plaintiffs filed a timely notice of appeal.

On appeal, plaintiffs argued that the trial justice's instructions to the jury on plaintiffs' burden of proof and the interrogatories to the jury were misleading and prejudicial to plaintiffs. The trial justice instructed the jury, inter alia, that "in order to prevail, the plaintiffs have the burden to prove by a fair preponderance of the credible evidence that they complied with all of [the policies'] conditions and that, notwithstanding their compliance, that defendant wrongfully breached the contract by not honoring and paying their claim." The interrogatories to the jury included the following:

"1. Do you find that Plaintiff Anthony DelFarno made material misrepresentations as to prior claims or non-renewal in pursuing [sic] insurance from Defendant Aetna for valuable items insurance coverage which induced Defendant Aetna to issue such coverage?

"2. Do you find that Plaintiff Anthony DelFarno engaged in fraudulent activity as defined by the court relating to the fire which occurred on May 17, 1990?

\*     \*     \*     \*     \*     \*

"If your answer is YES, your deliberations shall cease and you shall return a verdict for Defendant Aetna."

The plaintiffs asserted that the jury instructions and interrogatories improperly placed the burden on them to disprove defendant's defenses of material misrepresentation and fraud. This Court has stated that jury charges will be reviewed in their entirety. *State v. Bibee*, 559 A.2d 618, 620 (R.I.1989). In this case, although the trial justice did not explicitly identify Aetna's burden of proving its affirmative defenses, we are of the opinion that the instructions and interrogatories did not mislead the jury and did not prejudice plaintiffs' position. Upon careful review of the record, we are satisfied that the jury's verdict was supported by abundant evidence that plaintiff made material misrepresentations and engaged in fraudulent activity.

The plaintiffs also alleged that the trial justice abused his discretion in sustaining an objection to a portion of their closing argument. The remarks objected to were as follows:

"What we have here is what I told you about in the original opening argument. The guy went in. He applied for insurance. He was granted insurance. He had a loss. He filed a claim. That's what this case is all about. The rest of it is smoke and mirrors. The rest of it is slight [sic] of hand. The rest of it isn't real and shouldn't be relied upon. And if Aetna's allowed to get away with this, where do we go from there?"

It is well settled that a trial justice has a duty to confine counsel's argument to relevant issues. *Norlin Music v. Keyboard "88" Inc. of Warwick*, 425 A.2d 74, 76 (R.I.1981). Plaintiffs' counsel's remarks were not supported by the evidence and therefore the trial justice properly sustained Aetna's objection.

For the reasons stated above, we deny and dismiss the appeal and affirm the judgment entered in the Superior Court, to which the papers in the case may be remanded.

BOURCIER, J., did not participate.