February 22, 2022

Katherine Baker and Morgan     :
McCarthy, Individually and p.p.a.
Autumn McCarthy

v.     :

Women & Infants Hospital of Rhode   :
Island.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 or Email opinionanalyst@courts.ri.gov of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Katherine Baker and Morgan          :
McCarthy, Individually and p.p.a.
Autumn McCarthy

v.                    :

Women & Infants Hospital of Rhode   :
Island.


Present:  Suttell, C.J., Goldberg, Robinson, and Lynch Prata, JJ.

**O P I N I O N**

**Justice Lynch Prata, for the Court.**  This case came before the Supreme

Court on December 1, 2021, pursuant to an order directing the parties to appear and

show cause why the issues raised in this appeal should not be summarily decided.

The plaintiffs, Katherine Baker and Morgan McCarthy, appearing individually and

on behalf of Autumn McCarthy (Autumn)[1] (collectively plaintiffs), appeal from an

order of the Superior Court denying the plaintiffs' motion for a new trial following

a jury verdict in favor of the defendant, Women & Infants Hospital of Rhode Island

(WIH or defendant), in this medical negligence action.  After considering the parties'

---

[1] Throughout this opinion, we refer to Autumn by her first name solely for the sake
of clarity.  No disrespect is intended.

written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the following reasons, we reverse the order of the Superior Court.

**Facts and Travel**

Autumn was born on April 14, 2011. She was born premature, at thirty-four weeks of gestation, and was admitted to WIH's Neonatal Intensive Care Unit (NICU). Twenty-seven days after her birth, Autumn experienced complications from receiving total parenteral nutrition (TPN) through a peripheral intravenous line (IV) in her left foot. The nutrition fluid had escaped the IV line and was instead going into the surrounding tissue. A WIH surgeon performed an emergency procedure to relieve internal pressure caused by the fluid. Autumn underwent additional procedures, which plaintiffs allege have caused ongoing complications.

On August 9, 2013, plaintiffs filed a medical negligence action against defendant.[2] The plaintiffs alleged that WIH deviated from the appropriate standard of care by failing to properly perform and document assessments of Autumn's IV site. A three-week jury trial was held in the Superior Court. During closing argument, counsel for WIH made the following statement:

---

[2] The plaintiffs' complaint named three other defendants. Those parties are not involved in the present appeal, as the claims against them were resolved in 2013 and 2014.

"[DEFENSE COUNSEL:] * * * So, ladies and gentlemen, by your verdict, please tell [WIH] and their NICU to continue to take in the sickest kids, the youngest —"

The plaintiffs' counsel immediately objected, stating, "Whoa, whoa, whoa." The trial justice immediately sustained the objection. Defense counsel continued to speak, and the following colloquy took place:

"[DEFENSE COUNSEL]: Take in newborns —

"[PLAINTIFFS' COUNSEL]: I —

"THE COURT: Sustained.

"[DEFENSE COUNSEL]: And send Autumn away from this courtroom the same way she came in * * *."

Following closing arguments, but before the jury was instructed, WIH submitted two motions for curative instructions to address interruptions in their closing argument and allegedly inaccurate assertions made by plaintiffs. During the hearing on the motions, plaintiffs were invited by the trial justice to lodge any objections they had. The plaintiffs proceeded to do so on the record, and argued to the trial justice that it was "entirely inappropriate" for WIH to suggest to the jury "that somehow a verdict here will impair the ability of an institution to do its job[.]" The trial justice ultimately denied both of WIH's motions for curative instructions.

On March 11, 2019, the jury returned a verdict for defendant. Thereafter, on March 21, 2019, plaintiffs filed a motion for a new trial, alleging that "defendant repeatedly engaged in unfair and prejudicial action before the jury." The plaintiffs

argued that WIH's closing argument "invited the jury to find that Women & Infants' operations in general would be imperiled by a verdict for the plaintiffs[,]" which, according to plaintiffs, "transgressed the boundaries of proper argument" and improperly "influenced the jury's determination[.]" WIH objected to the motion; and, after hearing argument from both parties, the trial justice rendered a bench decision denying the new-trial motion.

In her decision, the trial justice found that plaintiffs failed to preserve the issue of purported impropriety in defendant's closing argument, but she then proceeded to find, as a matter of law, that WIH's closing argument did not "result in undue prejudice to the plaintiff[s.]" She noted that the court "on no less than four occasions advised the jury that attorney statements are not evidence"; that "[a]fter * * * closing arguments, the jurors were given their final instructions"; and that the jurors were presumed to have followed those instructions. The trial justice ultimately concluded that WIH's closing argument "while forceful and colorful, did not influence the jury because * * * the weight of the evidence supports the verdict."

The plaintiffs appealed the trial justice's decision to this Court on June 21, 2019.[3]

**Standard of Review**

"This Court's 'review of a trial justice's decision on a motion for a new trial is deferential.'" *Patel v. Patel*, 252 A.3d 1221, 1229 (R.I. 2021) (quoting *Heneault v. Lantini*, 213 A.3d 410, 415 (R.I. 2019)). When ruling on the motion, "the trial justice sits as a super juror and is required to make an independent appraisal of the evidence in light of the justice's charge to the jury." *Id.* (brackets omitted) (quoting *Heneault*, 213 A.3d at 415). If the trial justice conducts the appropriate analysis and "concludes that the evidence is evenly balanced or that reasonable minds could differ on the verdict, the justice should not disturb the jury's decision." *Id.* (brackets omitted) (quoting *Heneault*, 213 A.3d at 415).

On appeal, a trial justice's decision on a motion for new trial will not be disturbed, assuming he or she performed the appropriate analysis, "unless the party challenging that decision can show that the trial justice overlooked or misconceived

---

[3] The plaintiffs filed a notice of appeal to this Court on June 21, 2019, before the trial justice's order denying their motion for a new trial was entered. On November 18, 2020, we remanded this case to the Superior Court for entry of an order denying plaintiffs' motion for a new trial. An order entered thereafter, and the matter was returned to this Court. Although plaintiffs' appeal was premature, it was nevertheless timely. *See Dominguez v. Otero*, 229 A.3d 405, 408 (R.I. 2020) (noting that where a notice of appeal is filed "prior to the entry of an order reflecting the trial justice's decision to deny plaintiffs' motion for a new trial[,]" we treat the appeal as if it had been timely filed).

material and relevant evidence or was otherwise clearly wrong." *Patel*, 252 A.3d at 1229 (brackets omitted) (quoting *Heneault*, 213 A.3d at 415). "However, with respect to a motion for a new trial on questions concerning an alleged error of law, our review is *de novo*." *Id.* (quoting *Heneault*, 213 A.3d at 415).

**Discussion**

On appeal, plaintiffs argue that the trial justice erred in denying their motion for a new trial because, they contend, their objection was properly preserved and defendant's closing argument was plainly improper, incurably prejudiced plaintiffs, and produced a tainted verdict. After careful consideration of the record, we conclude that the trial justice was clearly wrong in denying plaintiffs' motion for a new trial.

In denying plaintiffs' motion for a new trial, the trial justice found that plaintiffs failed to properly preserve the issue of purported impropriety in defendant's closing argument; but the trial justice nevertheless proceeded to make findings of fact and conclusions of law with respect to the effects of those statements.[4] Before this Court, plaintiffs challenge those findings and conclusions

---

[4] This Court has instructed that, to preserve an objection to alleged misconduct in the presence of a jury, "counsel must, by objecting to such conduct and by making some proper motion, give the trial justice an opportunity to correct and mitigate the potential prejudice by a proper cautionary instruction." *Peloso v. Imperatore*, 107 R.I. 47, 50, 264 A.2d 901, 903 (1970). Here, plaintiffs objected to defense counsel's comments and, before plaintiffs' counsel could place additional comments or argument on the record, the trial justice sustained the objection.

made by the trial justice and contend that WIH's closing argument was improper, prejudicial, and an attempt to appeal to the passions and prejudice of the jury. We agree.

Determining whether counsel's argument to the jury warrants granting a new trial involves a three-step analysis: (1) whether counsel's comments were improper and an "attempt[] to appeal solely to the prejudice and passion in the minds of the jurors"; (2) whether the jury was influenced by the improper remarks; and (3) whether, if the jury was so influenced, "the improper references were dissipated by [a] curative instruction[.]" *Norlin Music, Inc. v. Keyboard "88" Inc., of Warwick*, 425 A.2d 74, 75-76 (R.I. 1981).

This Court has recognized that counsel enjoys "the privilege of engaging in all fair comment on behalf of his [or her] client[.]" *Norlin Music, Inc.*, 425 A.2d at 75. However, this privilege is not limitless, and counsel exceeds it "when he [or she] attempts to appeal solely to the prejudice and passion in the minds of the jurors, thereby diverting their minds from the case at issue." *Id.* at 75-76. The trial justice found in the case at bar that defense counsel's statements during closing argument were not improper because they did not relate "to a position of power" and WIH "did not invite the jurors to speculate on the ability of this particular defendant to pay damages." These conclusions miss the mark.

This Court has held that a new trial is warranted where counsel, in closing argument, directs the jury to consider the consequences of their verdict. *See, e.g.*, *Anderson v. Botelho*, 787 A.2d 468, 472 (R.I. 2001) (holding that the disclosure of the opposing party's status as judgment-proof to the jury was improper because it "made it impossible for the jury to properly apportion liability"). In addition, a new trial may be warranted where the jury is prejudiced against a party through "exaggerated sympathy or passion or prejudice[.]" *Yammerino v. Cranston Tennis Club, Inc.*, 416 A.2d 698, 701 (R.I. 1980) (affirming the trial justice's grant of a new trial on the issue of liability where the jury's verdict was tainted by exaggerated sympathy for the plaintiff); *see Norlin Music, Inc.*, 425 A.2d at 76 (determining that the "defendant counsel's reference to a David-and-Goliath relationship between defendant and plaintiff corporations" constituted improper conduct in the presence of a jury because it was "calculated to prejudice the jury against a party who is a corporation merely because of its big corporate status").

Here, the comments made by WIH exceeded the proper bounds of closing argument and were plainly improper. Defense counsel, in no uncertain terms, directed the jury to send a message. He specifically asked the jury to, by their verdict, "tell [WIH] and their NICU to continue to take in the sickest kids" and newborns. This comment was calculated to prejudice the jury against plaintiffs and bring about "exaggerated sympathy" for WIH. *Yammerino*, 416 A.2d at 701.

Having determined that defense counsel made improper comments in the presence of the jury during closing argument, we now turn to whether the jury was tainted by those comments. This Court has previously stated that "[w]hen * * * it does not appear that the jury verdict was influenced by the improper remarks or in cases where the improper references were dissipated by curative instruction, this [C]ourt will not disturb the ruling of the trial justice in denying a motion for a new trial." *Norlin Music, Inc.*, 425 A.2d at 76. In determining whether a particular statement is prejudicial, "there is no fixed formula[; r]ather, we must evaluate the statement's probable effect upon the outcome of the case." *State v. Belen*, 220 A.3d 1224, 1229 (R.I. 2019) (quoting *State v. Martinez*, 624 A.2d 291, 294 (R.I. 1993)).

After a careful review of the record, we conclude that the trial justice erred in finding that WIH's closing argument did not result in prejudice to plaintiffs. The trial justice herself found that defense counsel's closing argument was "certainly over the top[,]" and "he went to the line—perhaps over it—in his argument." She characterized the argument as "forceful and colorful[.]" However, the trial justice then proceeded to find that the argument "did not influence the jury because * * * the weight of the evidence supports the verdict."

The trial justice failed to properly perform the second step in determining whether counsel's closing argument warrants a new trial. At that point, her function was to determine whether the jury was influenced by the improper remarks, not

whether the weight of the evidence supported the verdict. *See Norlin Music, Inc.*, 425 A.2d at 76. The question is whether the trial court, and this Court, can have confidence that the jury's verdict was not influenced by WIH's improper remarks. *See Yammerino*, 416 A.2d at 701 ("To assure the losing party that the substantive issue [of liability] will be fairly determined on the evidence and according to law, a new trial must be ordered."). Based upon the record before us, we do not have such confidence.

Moreover, the trial justice's admonitions to the jury were insufficient to neutralize the prejudicial effect of defense counsel's comments. The trial justice noted that she, "on no less than four occasions[,] advised the jury that attorney statements are not evidence and should not be considered evidence" and that "[t]he jury was instructed that it had to follow the [c]ourt's instructions even if they did not agree." These general instructions failed to directly address the comments made by WIH in its closing argument and, in our judgment, were insufficient to dissipate the influence of the improper remarks. *See Norlin Music, Inc.*, 425 A.2d at 76 (concluding that a trial justice's direct admonition to the jury to disregard counsel's remarks was insufficient); *see also State v. Taylor*, 425 A.2d 1231, 1236 (R.I. 1981) (finding a curative instruction made in response to an improper prosecutorial comment during closing argument to be inadequate where "[t]he trial justice failed

to identify clearly the offending statement and to state unequivocally that it must be disregarded").

After careful consideration, it is apparent to us that defense counsel's directive to the jury to send a message to WIH that it should continue to take in the sickest children in all probability prejudiced the jury and rendered the jury unable to properly apportion liability. *See Cochran v. Dube*, 114 R.I. 149, 152, 330 A.2d 76, 78 (1975) (holding that repeated disclosures that the opposing party was insured created a prejudicial effect in the minds of the jurors and, absent a curative instruction, a new trial was necessary). It is apparent that the defendant's closing argument was calculated to arouse the passions of the jury and was likely to "cause[] influential prejudice in the minds of the jurors which rendered them incapable of reaching a fair and impartial verdict[.]" *Id.* Therefore, the trial justice was clearly wrong in denying the plaintiffs' motion for a new trial.

## Conclusion

For the reasons set forth in this opinion, we reverse the order of the Superior Court denying the motion for a new trial. The case shall be remanded to the Superior Court for a new trial.

Justice Long did not participate.

- 11 -

# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Katherine Baker and Morgan McCarthy, Individually and p.p.a. Autumn McCarthy v. Women & Infants Hospital of Rhode Island. |
| **Case Number** | No. 2019-489-Appeal. (PC 13-4013) |
| **Date Opinion Filed** | February 22, 2022 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Lynch Prata, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Sarah Taft-Carter |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Matthew D. Provencher, Esq.<br>Amato A. Deluca, Esq. |
| | For Defendant:<br><br>Matthew D. Kelly, Esq.<br>Paul F. Galamaga, Esq. |